**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **COMERICA BANK, a division of FIFTH THIRD BANK, N.A.,** | **Case No.:** |
| **Plaintiff,** | **Hon:** |
| **v.** | |
| **J.J. STEEL, INC., a Michigan Corporation; Gert F. Jensen, an individual** | |
| **Defendants.** | |

**COMPLAINT FOR BREACH OF NOTE AND OTHER RELIEF**

NOW COMES Plaintiff, COMERICA BANK, a division of FIFTH THIRD BANK, N.A., ("Plaintiff" or "Comerica"), and for its Complaint for Breach of Note and Other Relief against J.J. Steel, Inc., a Michigan Corporation ("JJ Steel"), and Gert F. Jensen ("Mr. Jensen"), alleges as follows:

**JURISDICTION & VENUE**

1. This Court has original subject matter jurisdiction in the above-captioned case pursuant to 28 U.S.C. 1332(a) because the matter in controversy is between citizens of different states, and the damages claimed exceed the sum of $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over each defendant pursuant to MCL 600.701, and 600.711.

3. Venue is proper in this District because the Defendants are domiciled in this District and/or they maintain their principal places of business in this District, the loan agreements

at issue are secured by property located in this District, and because a substantial part of the events or omissions giving rise to the claim occurred here. *See* 28 U.S.C. § 1391.

## THE PARTIES

4. Comerica Bank is a division of Fifth Third Bank, N.A. ("Fifth Third"). Fifth Third is a national banking association organized under the laws of the United States, incorporated in Ohio, and with its main office in Cincinnati, Ohio. Accordingly, Plaintiff is a citizen of the State of Ohio and is not considered a citizen of the State of Michigan for the purposes of 28 U.S.C. § 1332.

5. JJ Steel is a Michigan corporation organized under the laws of the State of Michigan with its principal place of business located in Battle Creek, Michigan.

6. On information and belief, Mr. Jensen resides and is domiciled in Kalamazoo, Michigan. Accordingly, Mr. Jensen is a citizen of the State of Michigan.

## FACTUAL BACKGROUND

### A. The Loan 75.

7. On or around January 19, 2018, Comerica extended a loan to JJ Steel, in the original principal amount of $200,000.00, evidenced by, inter alia, an Installment Note dated January 19, 2018 ("Loan 75"). Thereafter, on or about February 1, 2023, Loan 75 was amended and restated by an Installment Note dated February 1, 2023, in favor of Comerica, and its successors and assigns, in the original principal amount of $151,186.15 (the "Loan 75 Note"). A true and accurate copy of the Loan 75 Note is attached hereto as "**Exhibit A**."

8. In consideration of Comerica's extensions and modifications of credit to Defendant JJ Steel in connection with Loan 75, Defendant Mr. Jensen executed a Guaranty dated January 19, 2018, as reaffirmed and acknowledged by a subsequent Guaranty dated

December 8, 2022 (collectively, the "Loan 75 Guaranties"). By the terms of the Loan 75 Guaranties, Mr. Jensen absolutely and unconditionally guaranteed the payment and performance of all existing and future indebtedness, liabilities, and obligations of JJ Steel owing to Comerica, and its successors and assigns, including the indebtedness evidenced by the Loan 75 Note and the Loan 26 Note, as defined below. True and correct copies of the Loan 75 Guaranties referenced herein are attached hereto collectively as "**Exhibit B**."

9. The Loan 75 Note and Loan 75 Guaranties are collectively referred to herein as the "Loan 75 Documents."

**B. The Loan 26.**

10. On or around November 5, 2014, Comerica extended a loan to JJ Steel, in the original principal amount of $400,000.00, evidenced by, inter alia, a Master Revolving Note dated November 5, 2014 ("Loan 26"). Thereafter, on or about September 25, 2018, Loan 26 was amended and restated by a Master Revolving Note dated September 25, 2018, in favor of Comerica, and its successors and assigns, in the original principal amount of $325,000.00 (the "Loan 26 Note"). A true and accurate copy of the Loan 26 Note is attached hereto as "**Exhibit C**."

11. In consideration of Comerica's extensions and modifications of credit to Defendant JJ Steel in connection with Loan 26, Defendant Mr. Jensen executed a Guaranty dated November 5, 2014 (the "Loan 26 Guaranty"). By the terms of the Loan 26 Guaranty, Mr. Jensen absolutely and unconditionally guaranteed the payment and performance of all existing and future indebtedness, liabilities, and obligations of JJ Steel owing to Comerica, and its successors and assigns, including the indebtedness evidenced by the Loan 75 Note and the Loan 26 Note. A true and correct copy of the Guaranty is attached hereto as "**Exhibit D**."

12. The Loan 26 Note and Loan 26 Guaranty are collectively referred to herein as the "Loan 26 Documents."

**C. The Mortgage and Security Agreement.**

13. On or around January 19, 2018, JJ Steel entered into a Continuing Collateral Mortgage (the "Mortgage") in favor of Comerica, and its successors and assigns, encumbering the real property commonly known as 2000 Ottawa Trail, Battle Creek, Michigan 49037 (the "Property") to secure all present and future indebtedness owed by JJ Steel, including all obligations arising under the Loan 75 Note and Loan 26 Note. On February 7, 2018, the Mortgage was recorded with the Calhoun County Recorder's Office in Liber 4206, Page 431. A true and correct copy of the Mortgage is attached hereto as "**Exhibit E**."

14. On or about November 5, 2014, J.J. Steel, Inc. entered into a Security Agreement in favor of Comerica Bank and its successors and assigns (the "Security Agreement"), granting a first priority continuing security interest in substantially all of J.J. Steel's assets, including, without limitation, its accounts receivable, inventory, investment property, equipment, fixtures, general intangibles, deposit accounts, and proceeds thereof (collectively, the "Collateral"), as security for all existing and future indebtedness owed to Comerica Bank. A true and accurate copy of the Security Agreement is attached hereto as "**Exhibit F**." In connection with the Security Agreement, Comerica Bank perfected its security interest by filing a UCC-1 Financing Statement with the Michigan Secretary of State against JJ Steel, on November 12, 2014, as document number 2014162111-1. A true and accurate copy of the UCC-1 Financing Statement is attached hereto as "**Exhibit G**."

15. Plaintiff is informed and believes, and thereon alleges, that The Huntington National Bank, successor by merger to Chemical Bank, holds or may claim a senior lien

interest in the Property by virtue of a certain Mortgage executed by JJ Steel in favor of Chemical Bank dated October 5, 2007, and recorded on October 26, 2007, in Liber 3321, Page 303, Calhoun County Records.

**EVENT(S) OF DEFAULT AND DEFAULT**

16. Pursuant to the terms of the Loan 75 Documents, JJ Steel was required to make monthly installment payments commencing March 1, 2023. JJ Steel has failed to make the required installment payments as they became due and is therefore in default under the terms of the Loan 75 Documents. As of August 14, 2026, under Loan 75, there is due and owing from Defendants to Comerica the outstanding principal balance of $115,909.24, accrued and unpaid interest and flat fees of $6,611.22, and late charges of $279.03, less an interest credit of $834.27, for a total amount due and payable of $121,965.22 the ("Loan 75 Indebtedness"), plus all accrued fees and costs. Interest accrues thereafter at the rate of $31.39 per day.

17. Pursuant to the terms of the Loan 26 Documents, JJ Steel was required to timely make all payments due thereunder. JJ Steel failed to make the payments required by the Loan 26 Note when due and is therefore in default under the terms of the Loan 26 Documents. As of August 14, 2026, under the Loan 26, there is due and owing from Defendants to Comerica the outstanding principal balance of $323,650.00, accrued and unpaid interest in the amount of $8,017.08, and late charges in the amount of $352.63, for a total amount due and payable of $332,019.71 the ("Loan 26 Indebtedness"), plus all accrued fees and costs. Interest accrues after August 14, 2026, at the rate of $87.65 per day.

18. On or about June 18, 2026, Comerica sent a Demand for Payment, Reinstatement of Insurance, and Payment of Delinquent Taxes (the "Demand Letter") to JJ Steel and Mr. Jensen, pursuant to which Comerica elected to exercise its right to declare Loan

75 and Loan 26 (collectively referred to herein as the "Loans") immediately due and payable and demanded payment of the Loans. A true and accurate copy of the Demand Letter is attached hereto as "**Exhibit H**."

19. Despite such demand, as of the filing of this Complaint, neither JJ Steel nor Mr. Jensen has cured the defaults or satisfied the indebtedness due and owing under the Loan 26 Documents and Loan 75 Documents. Accordingly, Comerica is entitled to enforce its rights and remedies pursuant to the Loan 75 Documents, Loan 26 Documents, and applicable law, including foreclosure of the Mortgage and sale of the Property.

## COUNT I
## BREACH OF PROMISSORY NOTES: J.J. STEEL, INC.

20. Comerica reinstates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Comerica is the holder and owner of the Loan 75 Note and Loan 26 Note.

22. Comerica has performed all the obligations on its part to be performed under the Loan 75 Note and Loan 26 Note.

23. The Loan 75 Note and Loan 26 Note are in default, as outlined above. By reason of default, Comerica exercised its right to accelerate the balance of the Loans and elected to declare the whole sums of principal and interest of each loan immediately due and payable.

24. Despite demand from Comerica, JJ Steel has not paid the Loans.

25. Pursuant to the terms of the Loan 26 Documents and Loan 75 Documents, Plaintiff is entitled to recover its reasonable attorneys' fees, court costs, and other expenses incurred in enforcing the notes and collecting the amounts due thereunder.

26. The Loan 26 Indebtedness remains due, owing, and unpaid by JJ Steel to Comerica.

27. The Loan 75 Indebtedness remains due, owing, and unpaid by JJ Steel to Comerica.

WHEREFORE, Comerica respectfully requests this Court enter judgment against JJ Steel in the amount of $453,984.93, plus costs, reasonable attorneys' fees, and interest from August 14, 2026, through the date of Judgment, and to grant such further or other relief as this Court may deem just or equitable.

**COUNT II**
**BREACH OF GUARANTY: GERT F. JENSEN**

28. Comerica re-alleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. To induce Comerica to make financial accommodations, including the making of loans or extending or continuing credit in favor of JJ Steel, Mr. Jensen executed the Guaranties, under which he absolutely and unconditionally guaranteed to Comerica, and its successors and assigns, the performance and full payment of all of JJ Steel's liabilities to Comerica.

30. Comerica is the current holder and owner of the Note and Guaranties.

31. Comerica has performed all the obligations on its part to be performed under the Loan 75 Note and Loan 26 Note.

32. The Loan 75 Note and Loan 26 Note are in default, as outlined above. By reason of default, Comerica exercised its right to accelerate the balance of the Loans and elected to declare the whole sums of principal and interest of each loan immediately due and payable.

33. Despite demand from Comerica, Mr. Jensen has not paid the Loans.

34. Pursuant to the terms of the Loan 26 Documents and Loan 75 Documents, Plaintiff is entitled to recover its reasonable attorneys' fees, court costs, and other expenses incurred in enforcing the notes and collecting the amounts due thereunder.

35. As a result of JJ Steel's default, pursuant to the Guaranties, Mr. Jensen is liable to Comerica for all sums evidenced by Loan 26, including the Loan 26 Indebtedness, which remains due, owing, and unpaid.

36. As a result of JJ Steel's default, pursuant to the Guaranties, Mr. Jensen is liable to Comerica for all sums evidenced by Loan 75, including the Loan 75 Indebtedness, which remains due, owing, and unpaid.

WHEREFORE, Comerica respectfully requests this Court enter judgment against Mr. Jensen in the amount of $453,984.93, plus costs, reasonable attorneys' fees, and interest from August 14, 2026, through the date of Judgment, and to grant such further or other relief as this Court may deem just or equitable.

**COUNT III**
**FORECLOSURE OF CONTINUING COLLATERAL MORTGAGE: JJ STEEL**

37. Comerica re-alleges paragraphs 1 through 36 of its Complaint as though fully set forth herein.

38. As security for JJ Steel's liabilities to Comerica, including but not limited to the Loan 75 Note and Loan 26 Note, JJ Steel signed the Mortgage, granting Comerica a security interest in the Property.

39. Upon information and belief, JJ Steel is the owner of the Property and holds title thereto.

40. Comerica is entitled to enforce the terms of the Mortgage upon an event of default thereunder, and JJ Steel's default under the Loan 26 Documents and Loan 75 Documents constitutes an event of default under the Mortgage.

41. Comerica now seeks to foreclose on the Property to take possession and control of the Property.

WHEREFORE, Comerica respectfully requests this Court enter an order granting it possession of the Property and to grant such further or other relief as this Court deems just and equitable.

**COUNT IV**
**FORECLOSURE OF SECURITY AGREEMENT: JJ STEEL**

42. Comerica re-alleges paragraphs 1 through 41 of its Complaint as though fully set forth herein.

43. As security for JJ Steel's liabilities to Comerica, JJ Steel entered into the Security Agreement, granting Comerica a security interest in the Collateral.

44. Comerica is entitled to enforce the terms of the Security Agreement upon an event of default thereunder, and JJ Steel's defaults under the Loan 75 Documents and Loan 26 Documents constitute events of default under the Security Agreement.

45. Comerica now seeks to exercise its rights and remedies and foreclose on the Collateral to take possession and control of the Collateral.

WHEREFORE, Comerica respectfully requests this Court enter an order granting it immediate possession of the Collateral and to grant such further or other relief as this Court deems just and equitable.

Dated: September 1, 2026

Respectfully submitted,

**DINSMORE & SHOHL LLP**

/s/ Brian W. Boyd

Brian W. Boyd (P81004)
755 W. Big Beaver Rd., Ste. 1900
Troy, Michigan 48084
(248) 203-1648
Brian.boyd@dinsmore.com
***Counsel for Plaintiff COMERICA BANK, a division of FIFTH THIRD BANK, N.A.,***